UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OSCAR LANDGRAVE,<br><br>                       Plaintiff(s),<br><br>    v.<br><br>SAM'S WEST, INC.,<br><br>                       Defendant(s). | Case No. 2:21-CV-1684 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Oscar Landgrave's emergency motion to remand. (ECF No. 5).

"The court may determine whether any matter submitted as an "emergency" is, in fact, an emergency." Local Rule 7-4(c). "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015)

> Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect.

*Id.* at 1142.

Here, Landgrave fails to provide anything in his "emergency" motion showing irreparable prejudice would result from a normal briefing schedule. Nothing in Landgrave's motion otherwise supports its emergency status. Thus, the court finds that there is no emergency to justify proceeding on an emergency basis.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's emergency motion to remand (ECF No. 5) be, and the same hereby is, STRICKEN.

DATED September 27, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -