UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSCAR LANDGRAVE, | Case No. 2:21-CV-1684 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SAM'S WEST, INC., | |
| Defendant(s). | |

Presently before the court is defendants Sam's West, Inc. ("Sam's West") and James Smith's ("Smith") (collectively "defendants") motion to dismiss plaintiff Oscar Landgrave's ("Landgrave") claims against Smith. (ECF No. 6). Landgrave filed a response (ECF No. 10), to which defendants replied (ECF No. 14).

Also before the court is Landgrave's motion to remand this matter. (ECF No. 8). Defendants filed a response (ECF No. 12), to which Landgrave replied (ECF No. 15).

**I.   Background**

This negligence and premises liability matter arises out of an alleged accident that occurred at defendant Sam's West's grocery store—Sam's Club, No. 6382. Plaintiff Landgrave alleges that on May 23, 2019, he stepped onto a pallet holding cases of water on display, walked across it, and tripped. With no warning regarding the pallets, Landgrave fell and injured himself. Landgrave's wife reported this incident to the assistant manager, defendant Smith, who responded to the scene after Landgrave fell. Smith collected statements, watched the surveillance video of the incident, and reported that a case of water was available to Landgrave before he stepped on the pallet.

**James C. Mahan**
**U.S. District Judge**

Landgrave alleges that Smith, a non-diverse resident of Nevada, is personally liable to Landgrave for causing his injuries because Smith failed to act reasonably by failing to inspect, maintain, clean and/or warn of the dangerous condition of the pallet.  Landgrave also alleges that Smith was responsible for establishing and carrying out the policies and procedures setting forth reasonable precautions to prevent dangerous conditions.  Further, Landgrave alleges that Smith was responsible for hiring, training and supervising employees to carry out policies and procedures to prevent dangerous conditions.  Further, Landgrave alleges that Smith was not acting within the scope of his employment and that he was personally negligent.

Landgrave filed a negligence premises liability action in Nevada state court on May 18, 2021, naming Sam's West and Smith, as an individual, as defendants.  Defendants removed this action September 13, 2021, despite Smith's presence as a resident defendant, asserting that he had been fraudulently joined.  (ECF No. 1).  Defendants now move to dismiss the claims against Smith (ECF No. 6) and Landgrave moves to remand the case (ECF No. 8).

**II.   Legal Standard**

A.   Motion to Dismiss

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8.  Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

B.   Motion to Remand

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28

1  U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the
2  United States have original jurisdiction, may be removed by the defendant or the defendants, to
3  the district court of the United States for the district and division embracing the place where such
4  action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a
5  particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated*
6  *Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

7  For diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse
8  and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28
9  U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A
10 removing defendant has the burden to prove by a preponderance of the evidence that the
11 jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04
12 (9th Cir. 1996). Removal based on diversity is subject to the forum defendant rule: "[a] civil
13 action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this
14 title may not be removed if any of the parties in interest properly joined and served as defendants
15 is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2).

16 A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. §
17 1447(c). On a motion to remand, the removing defendant faces a strong presumption against
18 removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental*
19 *Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67
20 (9th Cir. 1992).

21 **III.    Discussion**

22 Landgrave argues that this matter should be remanded to state court because Smith is a
23 citizen of Nevada and therefore the parties are not completely diverse. (ECF No. 8). Defendants
24 argue that the claims against Smith should be dismissed under a theory of fraudulent joinder,
25 thereby establishing complete diversity and keeping this matter in federal court. (ECF No. 6).
26 The parties' dueling motions rest on one issue, whether Smith is a fraudulently joined party to
27 this matter.
28

**James C. Mahan**
**U.S. District Judge**

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."). Conversely, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Fraudulent joinder of a non-diverse defendant is established in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). The defendant "bears a heavy burden" of proving that the joinder was improper. *Id.*

Here, defendants do not argue actual fraud. Instead, defendants meet the heavy burden to establish that Landgrave has not alleged a cause of action against Smith. Consistent with the following, this court finds such possibility, especially in light of Nevada's less stringent "notice pleading" regime. *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party").

On the one hand, defendants argue that Landgrave fails to provide any authority showing that an employee can be liable to a patron on a theory of negligence and premises liability. On the other hand, Landgrave argues that defendants fail to provide any authority showing that employees cannot be liable for negligence merely because they are employees.

James C. Mahan
U.S. District Judge

- 4 -

Nevada law provides that an entity with ownership, possession, or control of a particular premises may be held liable under a negligence theory for personal injury caused by a hazardous condition existing on that premises. *See Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250 (Nev. 1993) ("[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use."); *Hall v. SSF, Inc.*, 112 Nev. 1384, 1393 (Nev. 1996) ("In Nevada, a proprietor owes a general duty to use reasonable care to keep the premises in a reasonably safe condition for use.") (citing *Moody v. Manny's Auto Repair*, 110 Nev. 320, 331–33 (Nev. 1994)); *Worth v. Reed*, 79 Nev. 351, 354 (Nev. 1963) ("[A]n owner owes an invitee the duty of ordinary care.") (citing *Nevada Transfer & Warehouse Co. v. Peterson*, 60 Nev. 87, 90 (Nev. 1939)); *Asmussen v. New Golden Hotel Co.*, 80 Nev. 260, 262 (Nev. 1964) ("[A] proprietor owes his invited guests a duty to keep the premises in a reasonably safe condition for use") (citing *Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 1101 (Nev. 1993)). Further, it is clear under Nevada law that an employer cannot avoid liability by delegating the duty to maintain the premises in a reasonably safe condition to an employee. *Cutler v. Pittsburg Silver Peak Gold Mining Co.*, 116 P. 418, 422 (Nev. 1911) ("The employer cannot delegate this duty [to exercise care, diligence, and caution] to another and thereby free himself from responsibility.").

Yet, neither party has provided this court with any binding authority or settled Nevada state law clearly holding either way on the issue of whether an employee whose employment duties include maintaining a safe premises individually owes that duty to patrons. On the one hand, this court has found that attempts to avoid federal jurisdiction by adding store employees as individual defendants are not valid. *See, e.g.*, *Bailey v. Smith's Food & Drug Centers, Inc.*, 2:20-cv-00328-JAD-VCF, ECF No. 26 at 16 (D. Nev. April 16, 2020); *Mahay v. Wal-Mart Stores, Inc.*, 2:16-cv-2041-JAD-NJK, ECF No. 21 at 13–15 (D. Nev. October 21, 2016) (holding that "inverse vicarious liability," where the store manager assumes personal responsibility for the liability of the employer, does not exist in Nevada). On the other hand, this court has remanded strikingly similar negligence and premise liability matters involving individual defendants that Nevada state courts have allowed to proceed. *See, e.g.*, *Guevara v. Walmart Inc., et al.*, 2:20-cv-

**James C. Mahan**
**U.S. District Judge**

00913-JCM-DJA, ECF No. 24 (D. Nev. September 14, 2020) (continuing in state court for over a year after remand until the parties reached a settlement).

The court understands that it has previously interpreted Nevada law as definitively precluding premises liability for employees on the basis that they do not owe any duty to patrons. Yet, this court cannot ignore that there is no settled law specifically affirming that interpretation and that state courts have recently allowed similar matters to continue after remand. Therefore, the court holds that, here, "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants," and thus holds that "the joinder was proper and remand[s] the case to the state court." *Grancare*, 889 F.3d at 548.

Therefore, the court grants Landgrave's motion to remand. Consequently, defendants' motion to dismiss is denied as moot.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Landgrave's motion to remand this matter (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss the claims against Smith (ECF No. 6) be, and the same hereby is, DENIED as moot.

DATED January 3, 2022.

_____
UNITED STATES DISTRICT JUDGE